IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

  v.                                                ORDER

JOSE REYES,                               17-cv-452-jdp

                Defendant.

---

Plaintiff Jovan Williams, appearing pro se, alleges that defendant Correctional Officer Jose Reyes enabled Williams's suicide attempt by giving him a plastic bag and failing to take it away even after Williams said that he would harm himself with it. Williams has filed a motion for entry of default against Reyes, and he has filed a motion asking the court to appoint him counsel.

I will deny Williams's motion for entry of default because Reyes is not in default. He filed his answer on November 1, 2017, within the 40-day period stated in the court's September 22, 2017 order.

As for Williams's motion for the appointment of counsel, a pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must show that he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Williams submits several letters from firms who have declined to represent him, so I conclude that he has satisfied the first requirement.

The party seeking counsel must also show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. Williams explains that a fellow inmate has assisted him with his filings, and he includes a declaration from this inmate explaining some of Williams's difficulties. Dkt. 21; Dkt. 22; Dkt. 25. Williams has no legal knowledge, limited law library time, and he suffers from mental illness that occasionally leads to his disorientation and suicide attempts like the one that is the basis of this lawsuit.

I am not yet convinced that this case is one of the relatively few that require court intervention to obtain counsel. Some of Williams's handicaps—his lack of legal experience and limited access to law library time—are common to pro se prisoner litigants. And it is too early to tell how Williams's mental-health problems will affect his ability to litigate the case. His submissions thus far, although aided by another inmate, have been easy to understand. Also, the case may not pass the relatively early stage in which defendant may file a motion for summary judgment based on a preliminary issue that could result in dismissal of the case before it advances deep into the discovery stage of the litigation. Should the case pass the early stage of litigation, and should Williams continue to believe that he is unable to litigate the suit himself, then he may renew his motion. If he does so, he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams's motion for entry of default, Dkt. 29, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 21 & Dkt. 22, is DENIED.

Entered August 3, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge