IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                    Plaintiff,

    v.                                                    ORDER

CORRECTIONAL OFFICER REYES,              17-cv-452-jdp

                    Defendant.

---

Pro se plaintiff and prisoner Jovan Williams is proceeding on a claim that defendant Jose Reyes, a correctional officer at Green Bay Correctional Institution, violated Williams's Eighth Amendment rights by failing to prevent his attempted suicide. Trial is scheduled for April 1, 2019. Before the court is Williams's motion for reconsideration of my previous decisions denying his requests for court assistance in recruiting counsel to represent him at trial. Dkt. 62.

In denying Williams's previous requests for assistance in recruiting counsel, I concluded that he had not shown that the case is so complex or that his skills are so poor that I should recruit a lawyer for him. Dkt. 36 and Dkt. 58. In his latest motion, Williams makes many of the same arguments he has made previously: he is mentally ill, he has no legal knowledge or litigation experience, he has relied on assistance from more knowledgeable inmates to prepare court filings, and he will have difficulty handling a jury trial without assistance. He adds that he has "learning disabilities" and that because he has been housed in solitary confinement for more than three years, he has difficulty communicating and socializing with others and he thinks that it will be difficult to provide his version of events to a jury without the help of an attorney.

Although I am sympathetic to Williams's concerns, I am not persuaded that Williams will be unable to present his case at trial on his own. As I explained previously, Williams's single deliberate indifference claim against a single defendant is relatively simple in comparison to many cases brought by pro se litigants. Williams says he has extremely limited access to a law library, but Williams should not need much access to the law library to prepare for this trial. Instead, he should prepare for trial by reviewing the summary judgment decision, Dkt. 8, and the trial preparation order that he received on January 17. Dkt. 59.

As explained in the trial preparation order, Williams's primary responsibility at trial will be to tell the jury his version of events: what happened after Reyes delivered the nutraloaf to Williams. I understand that describing these events to a jury may be difficult for Williams. To prepare for this, Williams should review the summary judgment materials filed by both sides and the court's summary judgment decision. Williams should then create a written outline regarding what he plans to say at trial. During his testimony, Williams should cover: (1) where he was housed on June 27, 2016; (2) Reyes's delivery of the nutraloaf on June 27, 2016; (3) how the nutraloaf was packaged; (4) what Williams said to Reyes after he received the nutraloaf; (5) how Reyes responded; (6) what Williams did with the bag after Reyes left; (7) how prison staff responded; and (8) what physical injuries Williams suffered as a result of placing the bag on his face. Williams will be permitted to refer to his written outline and any other notes or documents he needs during his trial testimony.

Williams also states that he does not know how to locate supporting witnesses. But Williams does not identify any witness in particular who he wishes to call. If Williams wants to call another inmate as a witness, he should review the procedures for calling inmate witnesses that were provided to him in the trial preparation order. Dkt. 59 at 5–7. If he is still confused

2

after reviewing the procedures, he should write to the court with specific information about who he wants to call, what testimony the witness would provide, and what steps, if any, he has taken to secure their testimony.

Williams also says that he cannot afford to provide copies of documents to the court, but he does not say what documents he thinks he needs to provide. He also does not explain whether he has requested a legal loan from the prison to pay for any copies he needs. If Williams has exhausted his legal loan and thinks he needs to provide copies of documents to the court for trial that the parties have not filed with the court already, he should write to the court identifying which documents he wants to provide, where the documents are located, what attempts he has made to obtain the documents, and why he thinks they are relevant to his claim against Reyes.

In light of Williams's abilities and the simple nature of his claim, I am persuaded that Williams will be able to prepare for trial and present his version of events to the jury. Accordingly, I am denying his motion for reconsideration and declining to recruit counsel to represent Williams at trial.

ORDER

IT IS ORDERED that plaintiff Jovan Williams's motion for reconsideration of the denial of his requests for court assistance in recruiting counsel, Dkt. 62, is DENIED.

Entered February 22, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge