IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                  Plaintiff,

v.

CORRECTIONAL OFFICER REYES,

                  Defendant.

ORDER

17-cv-452-jdp

---

Pro se plaintiff and prisoner Jovan Williams is proceeding on a claim that defendant Jose Reyes, a correctional officer at Green Bay Correctional Institution, violated Williams's Eighth Amendment rights by failing to prevent his attempted suicide. Trial is scheduled for April 1, 2019. Before the court is Williams's fourth motion for court assistance in recruiting counsel to represent him. Dkt. 75.

Williams says that on March 3, 2019, he overdosed and was sent to the emergency room. When he returned to the prison, he was placed on observation status and did not have access to his property, including his legal file that he needs for trial. He was released from observation on March 7, but he has not yet received his property. Williams also says that he has several witnesses he wishes to call at trial, but he does not know how to do so.

I will deny Williams's request for assistance in recruiting counsel for the same reasons that I provided in previous orders. Williams's single deliberate indifference claim against a single defendant is relatively simply in comparison to many cases brought by pro se litigants. On February 22, I gave Williams specific instructions about what specific facts he should present to the jury during his own testimony. I am not persuaded that Williams will be unable to present his version of events at trial.

I am concerned about Williams's inability to access his legal file. Williams was supposed to file his witness and exhibit lists with the court by March 8, but he has not done so. It is not clear from Williams's motion whether he missed his deadlines because he did not have access to his legal files, because he was on observation status and unable to file documents with the court, or for some other reason. However, I do not think that this is a sufficient reason to recruit counsel for Williams or to delay the trial. This trial should not involve an extensive number of documentary exhibits. Presumably, Williams will use as trial exhibits the same handful of documents that both sides cited to during summary judgment briefing. If Williams still does not have access to his legal file at the time of the final pretrial conference next week, on March 26, 2019 at 12:30 p.m., Williams should be prepared to identify at the final pretrial conference the specific documents that he wants to introduce as exhibits at trial. The court will then make copies of those documents from the summary judgment record and provide them to Williams before the start of trial on April 1.

As for the witnesses that Williams wishes to call, he identifies the following witnesses, all of whom appear to be DOC employees: Ms. Kroll (restrictive housing office, Waupun Correctional Institution); Raymond Koeller (correctional officer); Andrew Raddatz (correctional officer); Gary Maier (doctor); and Jose Reyes (defendant). Williams missed the March 1, 2019 deadline to subpoena these witnesses and has not stated that he would be able to pay their witness fees. Therefore, Williams cannot compel these individuals to testify at trial.

But Williams may be able to introduce some of the information that these witnesses could provide through other evidence. From my review of Williams's summary judgment documents, it appears that Williams wanted to call some of these witnesses to testify about records they were involved in creating: Ms. Kroll wrote Williams a note identifying the dates

2

on which he was on a nutraloaf restriction, Dkt. 51-3; Officer Koeller wrote an incident report regarding the incident at issue, Dkt. 51-8; Officer Raddatz responded in writing to questions Williams asked him about the incident, Dkt. 51-7; and Dr. Maier wrote summaries of mental health appointments he had with Williams, Dkt. 51-6. It appears that some of these documents may be considered DOC business records. Normally, Williams would need to introduce the documents through the testimony of a witness who could authenticate them. But because the documents are DOC records and Williams cannot subpoena the necessary witnesses, the state may be willing to agree to the admissibility of these records. I will not require the state to agree to their admissibility, but defense counsel should review these documents and inform the court at the final pretrial conference on March 26 whether defendant will object to the admissibility of these specific documents.

Finally, Williams says that he is concerned that defense counsel will engage in racial profiling during jury selection and he asks for information about how to prevent this. As explained in the Trial Preparation order, Dkt. 59 at 9, I will be the only person who asks questions to the jury. A total of 14 possible jurors will be called forward. After I have finished questioning the 14, each side will be allowed to strike the names of three potential jurors. If Williams believes that defense counsel strikes a juror because of race, Williams can raise that concern during the jury selection process.

ORDER

IT IS ORDERED that plaintiff Jovan Williams's motion for court assistance in recruiting counsel, Dkt. 75, is DENIED.

Entered March 20, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge